UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CARA MILLER, | 5:20-CV-05056-KES |
| Plaintiff, | |
| vs. | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF AND COUNTER-CLAIMANT'S MOTION TO CLARIFY PRELIMINARY INJUNCTION |
| HONKAMP KRUEGER FINANCIAL SERVICES, INC. and BLUCORA, INC., | |
| Defendants. | |
| | |
| HONKAMP KRUEGER FINANCIAL SERVICES, INC., | |
| Third-Party Plaintiff, | |
| vs. | |
| MARINER WEALTH ADVISORS, LLC, | |
| Third-Party Defendant. | |
| | |
| HONKAMP KREUGER FINANCIAL SERVICES, INC., | |
| Counter-Claimant, | |
| vs. | |
| CARA MILLER, | |
| Counter-Defendant. | |

The court entered a preliminary injunction against plaintiff and counter-defendant, Cara Miller, on October 2, 2020, as to the parties' covenant not to compete. Docket 44. Miller moves for clarification of the preliminary injunction. Docket 65. Defendant, counter-plaintiff, and third-party plaintiff, Honkamp Krueger Financial Services, Inc. (HKFS), opposes the motion. Docket 75. For the following reasons, the court grants in part and denies in part Miller's motion and clarifies the preliminary injunction as described below.

## DISCUSSION

The court included a thorough factual background on the parties' relationship and the Employment Agreement in its order granting preliminary injunction as to the covenant not to compete. Docket 44 at 2-11. The court on October 2, 2020 enjoined Miller from:

> taking action of any character that results in violation of or interference with the non-competition provisions of the Employment Agreement, including, but not limited to, continued employment with Mariner, or any of its subsidiaries, parents, or other related entities, for the period of time defined in the Employment Agreement.

Docket 44 at 23. Mariner and Miller filed notice of interlocutory appeal of the order on October 2, 2020. Docket 42.

**I.     The Court's Jurisdiction to Clarify the Injunction**

Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).  But while an appeal is pending from an interlocutory order that grants an

injunction, "the court may suspend, modify, restore, or grant an injunction on terms . . . that secure the opposing party's rights." Fed. R. Civ. P. 62(d). A "[c]ourt has jurisdiction, notwithstanding the Notice of Appeal, to supervise the enforcement of its injunction and to preserve the status quo pending appeal" as stated in Federal Rule of Civil Procedure 62(c). *Abdi v. Nielsen*, 287 F. Supp. 3d 327, 332 (W.D.N.Y. 2018) (quoting *Cullman Ventures, Inc. v. Columbian Art Works, Inc.*, 1989 WL 94902, at *3 (S.D.N.Y. July 28, 1989). *See also Washington Metro. Area Transit Comm'n v. Reliable Limousine Serv., LLC*, 985 F. Supp. 2d 23, 30 (D.D.C. 2013) ("[A] court's authority to modify or clarify an injunction while on appeal is limited to preserving the status quo or otherwise supervising compliance . . . ."). The court has jurisdiction here to modify or clarify the injunction so long as such a clarification only preserves the status quo and does not alter the parties' rights.

## II.   Whether Clarification is Appropriate

Miller urges the court to clarify the injunction order for three reasons: because it impermissibly references the Employment Agreement, because it does not include a definite geographic limitation, and because it does not include a scope of activity.

### A.   Reference to the Employment Agreement

Rule 65(d)(1)(C) requires that an injunction "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1)(C). In *E.W. Bliss Co. v. Struthers-Dunn, Inc.*, the Eighth Circuit invalidated an injunction in part

because it incorporated by reference other documents. 408 F.2d 1108, 1117 (8th Cir. 1969). But the lower court order at issue in *E. W. Bliss Co.* did not recite the language of the exhibit to which it referred in the preliminary injunction. *See E. W. Bliss Co. v. Struthers-Dunn, Inc.*, 291 F. Supp. 390, 397-401 (S.D. Iowa 1968). Here, the order granting preliminary injunction recites verbatim the covenant not to compete, except the definition of "Business," before referring to the language of the covenant not to compete. Docket 44 at 4, 23.

District courts within the Eighth Circuit have used this method to incorporate language from documents into preliminary injunctions, by stating them in full in the factual background and incorporating that statement in the language of the injunction. *See, e.g.*, *Mobile Mini, Inc. v. Vivea*, 2017 WL 3172712, at *1, 9 (D. Minn. July 25, 2017); *Hot Stuff Foods, LLC v. Mean Gene's Enters., Inc.*, 468 F. Supp. 2d 1078, 1086, 1103 (D.S.D. 2006); *Interbake Foods, L.L.C. v. Tomasiello*, 461 F. Supp. 2d 943, 952, 980 (N.D. Iowa 2006). Thus, aside from the definition of "Business," it is clear from the four corners of the preliminary injunction order what conduct is prohibited and the order complies with Rule 65. The court clarifies the injunction only to add the definition of "Business" below.

    **B.**    **The Injunction's Scope**

Miller argues the injunction does not define a specific geographic area in which she may not compete with HKFS and it does not adequately describe what activities she may not participate in. As discussed above, the court

enjoined Miller from "taking action of any character that results in violation of or interference with the non-competition provision of the Employment Agreement . . . ." Docket 44 at 23. The court found in its order granting preliminary injunction as to the non-competition provision that the Employment Agreement's non-competition provision was likely an enforceable agreement and was likely properly limited in scope under Iowa law. *Id.* at 18-20. Because this is a motion to clarify, not a motion for reconsideration, the court does not reevaluate whether the scope of the non-competition provision and injunction are proper, but only whether they provide clear guidelines for what Miller may and may not do.

### 1.    Geographic Limitation

The non-competition provision states that Miller agrees not to compete within HKFS's "market area," which is defined as "includ[ing], but [] not limited to, any state in which HKFS has conducted business at any time in the preceding twelve months." Docket 10-1 § 9(b). Miller urges the court to re-define the "market area" as the ten states where HKFS has offices. Docket 65 at 6-7. That definition of "market area" does not comport with the definition outlined in the preliminary injunction through the covenant not to compete, and the court declines to materially change the scope of the injunction via a motion to clarify while an interlocutory appeal of the injunction is pending. The court acknowledges, however, that the phrase "includes, but is not limited to," creates uncertainty for where Miller might work. Were Miller to accept employment in a state where HKFS has not conducted business in the

5

preceding twelve months, but that HKFS considers their market area based on criteria not included in the covenant not to compete, Miller could violate the injunction. That broad definition does merit clarification narrowing it to only "any state in which HKFS has conducted business at any time in the preceding twelve months."

### 2. Limitations on what Activities Miller May Practice

The injunction, via the covenant not to compete, restricts Miller from "directly or indirectly, either as a sole proprietor, partner, stockholder, director, officer, employee, consultant, or in any other capacity, conduct[ing] business in, or be[ing] interested in or associated with, any person or entity which engages in the 'Business' . . . working with CPA firms." Docket 10-1 § 9(b); Docket 44 at 4. The "Business" is defined as "(i) investment advisory business and brokerage of securities, including but not limited to, stocks, bonds, mutual funds and any derivative products; (ii) sale of any life insurance products, including annuities of any type, the sale of nursing home insurance and the sale of disability insurance; and (iii) financial planning services." Docket 10-1 § 9(a). This clearly restricts Miller from working with any firm that is in the investment advisory business and brokerage of securities, sells any life insurance products, or is a financial planning service, that works with CPA firms. Miller asks the court to restrict the injunction only to employment with companies that work with CPA firm affiliates. The court believes the injunction, by the plain language of the covenant not to compete, already does so. Thus, the court declines to clarify the injunction on that ground.

## CONCLUSION

It is

ORDERED that the motion to clarify (Docket 65) is granted in part. The preliminary injunction as to the non-competition provision is clarified as follows:

Per the Employment Agreement, Docket 10-1, at § 9(a), "Business" is defined as (i) investment advisory business and brokerage of securities, including but not limited to, stocks, bonds, mutual funds and any derivative products; (ii) the sale of any life insurance products, including annuities of any type, the sale of nursing home insurance and the sale of disability insurance, and (iii) financial planning services.

The phrase "includes, but is not limited to" is stricken from the geographic restrictions on Miller's employment.

All other provisions, if not explicitly changed herein, remain as ordered in the court's order granting preliminary injunction as to the covenant not to compete (Docket 44).

Dated April 2, 2021.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE